IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| AMY PORTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:11-CV-05051-BCW ) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court are Plaintiff Amy Porter's brief seeking judicial review of a final decision of Defendant Commissioner of Social Security (Doc. #8) and Commissioner's brief in support of the Commissioner's decision (Doc. #11).

This matter involves the appeal of the final decision of the Commissioner denying Porter's application for supplemental security income benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* ("Act"). The Court may review the final decision of the Commissioner pursuant to 42 U.S.C. § 1383(c)(3) and § 1631(c)(3). The Court must determine whether the Commissioner's finding that Porter was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id.

### BACKGROUND

Porter filed an application for disability benefits under Title XVI of the Act on May 15, 2007. She appeared before an Administrative Law Judge ("ALJ") on November 12, 2009. On April 29, 2010, the ALJ found Porter's degenerative disc disease in her lumbar spine, history of

- 1 -

Case 3:11-cv-05051-BCW   Document 16   Filed 07/25/12   Page 1 of 4

hip problems, bipolar disorder, post-traumatic stress disorder, and anxiety disorder were severe impairments. Based on all of the evidence, the ALJ determined that, despite these severe impairments, Porter had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(c) and that Porter could lift, carry, push, and pull twenty (20) pounds occasionally and ten (10) pounds frequently, sit six (6) hours in an eight (8) hour day with normal breaks, and stand and walk six (6) hours in an eight (8) hour day with normal breaks. Further, the ALJ determined Porter could understand, remember, and complete simple and some moderately complex instructions and tasks but she should have limited to less than frequent contact with the general public, co-workers, and supervisors.

Based on the testimony of a vocational expert utilizing this RFC, the ALJ found that Porter was able to perform work as a sub-assembler, electric equipment, injection mold machine tender, hand mounter photo-finisher, bonder, or wire wrapper/patcher, and thus found her not disabled under the Act. The Appeals Council denied Porter's request for review on April 6, 2011, which made the ALJ's decision the Commissioner's final decision. Porter argues the ALJ's decision was not supported by substantial evidence of record because the ALJ did not properly develop the record, did not properly evaluate all of Porter's impairments, and failed to provide an RFC pursuant to SSR 96-8p.

## ANALYSIS

Following full briefing by the parties, the Court heard oral argument at a hearing on July 3, 2012. Based upon the arguments of the parties and a thorough and complete review of the entire administrative record, the Court reverses the final decision of the Commissioner and remands this matter for further administrative consideration pursuant to sentence four (4) of 42 U.S.C. § 405(g).

The Court agrees with Porter and finds the ALJ's determination regarding Porter's RFC was not supported by substantial evidence in the record as a whole.  In formulating the RFC, it was the ALJ's responsibility to formulate Porter's RFC based upon all of the credible evidence of record, including medical records, observations of physicians, and Porter's description of her limitations.  Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004).   The ALJ's evaluation of Porter's mental impairments was not sufficient pursuant to Social Security regulations.

Specifically, the Court finds the ALJ lacked sufficient record evidence to discount the psychiatric/psychosocial findings made by Jan Kent, Ph.D. on July 11, 2007, the Ozark Center on July 15, 2008, and the Ozark Center on January 26, 2009.  In each of these examinations or assessments, medical professionals made mental impairment findings more severe than those incorporated by the ALJ into his RFC for Porter.  On each occasion, Porter was assessed a Global Assessment of Functioning ("GAF") score between 45 and 51, which is indicative of "serious" mental problems.  Generally, the Commissioner declines to endorse the GAF scale for "use in the Social Security and SSI disability programs," and has indicated that GAF scores have no "direct correlation to the severity requirements of the mental disorders listings."  65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000).  However, GAF scores are not completely meaningless, particularly when consistent GAF scores are registered over time.  In this matter, the ALJ afforded the GAF scores "little weight" by noting they are "not consistent with the longitudinal evidence" even when the scores were consistent over time.  The Court is not remanding this matter with directions that the ALJ adopt all of the limitations suggested by the aforementioned mental examinations or assessments.  Rather, the Court believes that before such opinions are disregarded or afforded little weight, the ALJ must identify and/or develop other evidence that

supports the RFC for Porter. The ALJ failed to do so in this matter and, as such, further administrative proceedings and consideration are warranted.

## CONCLUSION

The Court finds Commissioner's determination that Porter was not disabled was not supported by substantial evidence on the record as a whole in this matter, particularly the ALJ's determination of Porter's RFC.

IT IS HEREBY ORDERED, pursuant to sentence four (4) of 42 U.S.C. § 405(g), this matter is reversed and remanded to the Commissioner for further proceedings consistent with this Order.

IT IS SO ORDERED.


DATE: July 25, 2012

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT